# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 3:19CR-4 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **DISMISS COUNTS TWO, THREE** |
| ELIZABETH R. LECRON, | ) | **AND FOUR** |
| | ) | |
| Defendant. | ) | |

Defendant Elizabeth Lecron, through counsel, respectfully moves this Court to dismiss Counts Two, Three, and Four of the Indictment, because the government failed to make a prima facie showing of essential facts that establish a violation of either 18 U.S.C. § 924(c) or § 924(o). Specifically, the indictment fails to allege facts that, if proven, would establish that Ms. Lecron's alleged firearm possession was in furtherance of a crime of violence as defined by statute. Without such a showing, Count Four of the indictment is insufficient and must be dismissed.

Further, the indictment fails to allege facts that, if proven, would establish that Ms. Lecron conspired to either use a destructive device or use firearms during and in relation to a crime of violence as defined by statute. Without such a showing, Counts Two and Three of the indictment are insufficient and must be dismissed. A memorandum in support follows.

Respectfully submitted,

Stephen Newman
Federal Public Defender
Ohio Bar: 0051928

*s/ Donna M. Grill*
DONNA M. GRILL
Assistant Federal Public Defender
Ohio Bar No. 0062141
CLAIRE R. CAHOON
Attorney at Law

Ohio Bar No. 0082335
617 Adams Street, 2nd Floor
Toledo, Ohio 43604
(419) 259-7370
419-259-7375 – facsimile
donna_grill@fd.org
claire_cahoon@fd.org

# MEMORANDUM

## I. COUNT FOUR: The Indictment Does Not Allege Facts That, if Proven, Would Establish Ms. Lecron Possessed a Firearm in Furtherance of a Crime of Violence and Is Therefore Constitutionally and Statutorily Deficient.

In order for an indictment to be legally sufficient, it must assert "facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime.'" *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (citing *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir.1992)). Statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *United States v. Landham*, 251 F.3d 1072 (6th Cir. 2001) (quoting *Hamling v. United States*, 418 U.S. 87, 117-18 (1974)) (additional citations and quotations omitted). That notice rule is repeated in Federal Rule of Criminal Procedure 7(c)(1), which states an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . .".

Here, the indictment allegations as to Count Four, even if proven, would not establish a prima facie violation of 18 U.S.C. § 924(c). In order for Ms. Lecron to be convicted under § 924(c), there must be an underlying crime of violence. Because the offense identified in the indictment, conspiracy under § 844(i) and (n), is not a crime of violence, the indictment fails to establish facts

which in law constitute an offense, even if proven. Therefore, Ms. Lecron is entitled to a dismissal of Count Four.

### A. Count One is not a crime of violence as defined by 18 U.S.C. § 924(c).

#### 1. The elements of 18 U.S.C. § 924(c) require a crime of violence.

Ms. Lecron was indicted, in part, with one count of possession of a firearm in furtherance of a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 9, Indictment, Count Four). Under that statute, a defendant who "during and in relation to any **crime of violence** or drug trafficking crime. . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . ." is subject to a consecutive sentencing penalty of at least five years of incarceration.18 U.S.C. § 924(c)(1)(A)(i) (emphasis added). In summary, the elements of § 924(c) are:

> 1) that the defendant committed a crime of violence
>
> 2) that the defendant knowingly possessed a firearm; and
>
> 3) that the possession of the firearm was in furtherance of the crime of violence charged.

*See* Sixth Circuit Pattern Jury Instruction 12.03 (2019).

Here, the indictment specifically alleges the crimes of violence as both conspiracy to transport or receive explosives with intent to kill, injure, or intimidate an individual, a violation of 18 U.S.C. § 844(d) and (n); and conspiracy to maliciously damage or destroy property by fire or explosive, a violation of 18 U.S.C. § 844(i) and (n). (Doc. 9, Indictment, Page ID 51). Those offenses are the basis of the conspiracy charge in Count One of the indictment. *Id.* In either circumstance, the charge is one of conspiracy under § 844(n). *Id.* In sum, the indictment alleges conspiracy as described in Count One is the "crime of violence" alleged in Count 4 to support a conviction under § 924(c).

### 2. A conspiracy cannot satisfy the definition of "crime of violence."

A conspiracy under § 844(n) is not a crime of violence as defined by §924(c). Under § 924(c)(3), a "crime of violence" means a felony offense that either:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, **[force or elements clause]** or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense **[residual clause].**

In other words, in order for an offense to be a crime of violence under § 924(c)(3), that offense must either involve the use, attempted use, or threatened use of force or create a "substantial risk of physical force" being used.

Whether an underlying offense is a crime of violence under § 924(c)(3) must be analyzed using the categorical approach. *United States v. Gooch*, 805 F.3d 285, 290 (6th Cir. 2017). The categorical approach requires a "focus on the statutory definition of the offense, rather than the manner in which the offender may have violated the statute in a particular circumstance." *Id.* (quoting *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016)). *See Moncrieff v. Holder*, 569 U.S. 184 (2013); *Descamps v. United States*, 570 U.S. 254 (2013) (describing and employing the categorical approach). That means the court looks to the elements of the offense and not the underlying conduct at issue. This Court should employ the categorical approach here by looking to the statutory elements of conspiracy under 18 U.S.C. § 844(n).

### a. Conspiracies under 18 U.S.C. § 844(n) do not require the use, attempted use, or threatened use of physical force required by § 924(c) definition of "crime of violence."

A conspiracy is not a crime of violence, because it requires an agreement to commit an offense but does not necessarily require the use, attempted use, or threatened use of force. Put another way, a conspiracy does not necessarily involve any act that involves force. Rather, a conspiracy can be an agreement and a non-violent overt act requiring no force at all. For that reason, a conspiracy covers conduct more broad than the definition of crime of violence in § 924(c). It is, therefore, not categorically a crime of violence.

### i. A conspiracy requires an agreement but not necessarily a threatened, attempted, or actual act of force.

A conspiracy under 18 U.S.C. § 844(n) is defined simply as "a person who conspires to commit any offense defined in this chapter. . .shall be subject to the same penalties. . ." The statute only requires the defendant to "conspire." That limited description suggests the application of general conspiracy principles.

The Sixth Circuit has routinely defined a conspiracy as requiring an agreement with at least one other person to violate the law. *United States v. Warshak*, 631 F.3d 266, 308 (6th Cir. 2010); *United States v. Whitfield*, 663 F. App'x 440, 408 (6th Cir. 2016) (analyzing a fraud conspiracy under 18 U.S.C. § 371). While the Sixth Circuit has never analyzed the conspiracy provision of 18 U.S.C. § 844(n), the Eleventh Circuit held in analyzing § 844(n), "In general, in order to prove a conspiracy, the Government must prove: 1) an agreement by two or more individuals to commit an unlawful act; 2) knowing and voluntary participation; and 3) an overt act by a conspirator." *United States v. Burk*, 737 F. App'x 963, 965 (11th Cir. 2018). In analyzing an even more recent § 844(n) conviction, the Eleventh Circuit held, "A conspiracy occurs when two or more individuals

5

agree to commit a crime and the defendant knowingly and voluntarily joins the agreement." *United States v. Walker*, 2019 U.S. App. LEXIS 3328, * 10 (11th Cir. Feb.1, 2019) (citing *United States v. Gonzalez*, 834 F.3d 1206, 1214-15 (11th Cir. 2016)).

Other Circuits have also referenced the "agreement" needed for § 844(n) conspiracies in dicta. *See, e.g., United States v. Mahon*, 620 F. App'x 571, 573 (9th Cir. 2015) (noting in dicta that there was sufficient evidence to support that the § 844(n) conspiracy charge "related to a single overall agreement"); *United States v. Ibrahim*, 529 F. App'x 59, 62 (2d Cir. 2013) (upholding introduction of evidence showing links between § 844(n) conspirators to establish agreement); *United States v. Farish*, 535 F.3d 815, 822 (8th Cir. 2008) (affirming§ 844(n) jury instructions that included "two or more persons reached an agreement").

A defendant can be guilty of conspiracy under § 844(n) without satisfying the force clause of § 924(c). Nothing in the language of conspiracy, which can be satisfied by an agreement and an overt act, requires a defendant to actually use, attempt to use, or threaten to use physical force. For example, if a group of defendants conspire to burn down a building, a violation of 18 U.S.C. § 844(i) and(n), and meet to discuss their plan, even if an overt act were involved such as they purchase matches to use to start the fire, their actions do not amount to the use, attempted use, or threatened use of physical force. Similarly, in a drug conspiracy under 21 U.S.C. § 846, the overt act alleged in the indictment is often a phone call between parties to set up a drug deal – but no actual drug trafficking has occurred.

Because conspiracy covers conduct more broad than § 924(c)(3)'s force clause, it is not a crime of violence based on the use, attempted use, or threatened use of force. "In the [force clause] context, [the categorical approach] requires asking whether the least culpable conduct covered by the statute at issue nevertheless 'has as an element the use, attempted use, or threatened use of

6

physical force . . ." *Stokeling v. United States*, 139 S. Ct. 544, 556 (2019) (in the context of § 924(e)'s identical force clause). If the least culpable conduct does not, "then the statute is too broad to qualify. . ." The least culpable version of a conspiracy covers conduct that does not require a use of force. It is, therefore, not a crime of violence as defined by § 924(c)(3).

> ii. <u>Several Circuits have held that conspiracy is not a crime of violence under § 924(c)(3)</u>.

The Sixth Circuit has never specifically addressed this question. But several Circuits have adopted the same argument advanced by Ms. Lecron that conspiracy offenses are not crimes of violence under § 924(c). She urges this Court to follow them.

In *United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018),[1] the Fifth Circuit vacated the defendant's conviction under § 924(c) because a conspiracy offense does not rise to the level of a crime of violence. Because a conspiracy is "merely an agreement to commit an offense" it "does not necessarily require proof that the defendant used, attempted to use, or threatened to use force." *Id.* As a result, the *Davis* Court concluded that the offense only qualified under the residual clause. *Id.* Because that language is "identical" to the unconstitutionally vague language rejected in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the defendant in *Davis* was entitled to relief on direct appeal. *Id.* at 486. *See United States v. Lewis*, 907 F.3d 891, 893 (5th Cir. 2018) (vacating §924(c) sentence where parties agreed conspiracy conviction was not a crime of violence in light of *Davis*).

In *United States v. Simms*, 2019 U.S. App. LEXIS 2341, * 7 (4th Cir. Jan. 24, 2019), the Fourth Circuit held that a conspiracy cannot be a crime of violence. The *Simms* Court explained, "This is so because to convict a defendant of this offense, the Government must prove only that

---

[1] This is the same case pending before the Supreme Court in *United States v. Davis*, Supreme Court Case No. 18-431.

7

the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act." *Id.* For that reason, "[s]uch an agreement does not invariably require the actual, attempted, or threatened use of physical force." *Id.* In fact, the government conceded in *Simms* that a conspiracy offense is not categorically a crime of violence. *Id.* Multiple district courts have also agreed that conspiracies are not crimes of violence based on the same reasoning. *See, e.g., United States v. Velleff*, 307 F. Supp. 3d 891 (N.D. Ill. Apr. 20, 2018); *Horne v. United States*, 2018 U.S. Dist. LEXIS 44227 (S.D. Ind. Mar. 19, 2018) (collecting cases as to Hobbs Act robbery).

> iii. Only one Circuit has held that conspiracy is a crime of violence using the categorical approach.

In the context of a Hobbs Act robbery conspiracy, the Second Circuit in *United States v. Barrett*, 903 F.3d 166, 169 (2d Cir. 2018), held that conspiracies are categorically crimes of violence. That decision is now pending a petition for a writ of certiorari before the Supreme Court. *United States v. Barrett*, Supreme Court Case No. 18-6985. It has not been joined by any other Circuit.

While the First Circuit has held Hobbs Act conspiracy to be a crime of violence, it did not apply the categorical approach endorsed by the Supreme Court. *United States v. Douglas*, 907 F.3d 1, 16-17 (1st Cir. 2018). Instead the Court employed a minority "case-specific, real-world approach" not used by the Supreme Court to analyze this issue. *Id.* Therefore, its holding is an outlier of little value to this Court.

> **b. *Conspiracies under 18 U.S.C. § 844(n) do not, by their nature, involve a substantial risk that physical force against a person or property may be used.***

When a crime does not satisfy the force clause of § 924(c), the only available alternative is the statute's residual clause. But because a conspiracy alone does not involve a substantial risk of

8

physical force, a conspiracy is not a crime of violence under the residual clause. Much of the reasoning articulated above applies here.

Because a conspiracy primarily involves an agreement and an overt act, there are few limitations on what could constitute an overt act in furtherance of a conspiracy. Writing a letter, making a phone call, purchasing supplies, or concealing information all have the potential to be actions that support participation in a conspiracy. A conspiracy by its very nature is broad. For that reason, it would not be reasonable to conclude that a conspiracy always involves a substantial risk that physical force will be used. On the contrary, many conspiracies will involve no such risk.

Because of the broad nature of the statute, a conspiracy cannot satisfy the residual clause from § 924(c)(3)'s definition of crime of violence. For that reason, a conspiracy covers conduct more broad than the definition of crime of violence in § 924(c). It is, therefore, not categorically a crime of violence.

**B.     The residual clause of § 924(c) is unconstitutionally vague and, therefore, unenforceable.**

The residual clause in § 924(c)(3)(B) is identical to the residual clause in 8 U.S.C. § 16(b). The Supreme Court already held § 16(b)'s residual clause to be unconstitutionally vague in *Dimaya*. The residual clause in § 924(c) is also very similar to the language the Supreme Court held to be unconstitutionally vague in *United States v. Johnson*, _ U.S. _, 135 S. Ct. 2251 (2015), which served as the basis for the *Dimaya* decision. *Dimaya* at 1211-12.

As the Supreme Court explained, the residual clause "'requires a court to picture the kind of conduct that the crime involves in the 'ordinary case,' and to judge whether that abstraction presents some not-well-specified-yet-sufficiently-large degree of risk.'" *Id.* at 1216 (quoting *Johnson* at 578). Because of the vagueness of that task, the Supreme Court held, "The result is that

9

§ 16(b) produces, just as ACCA's residual clause did, 'more unpredictability and arbitrariness than the Due Process Clause tolerates.'" *Id.* (quoting *Johnson* at 579).

Because the language of § 924(c)'s residual clause is identical to that of §16(b), identical reasoning applies making the clause unconstitutionally vague. The Supreme Court recently accepted a case on that issue, and it is pending. *United States v. Davis*, Supreme Court Case No. 18-431. The Sixth Circuit has not yet ruled on the issue. *See United States v. Richardson*, 906 F.3d 417, 425 (6th Cir. 2018) (declining to address the question, because the defendant's underlying conviction qualified under § 924(c)'s force clause).

But three Circuits have already concluded that § 924(c)'s residual clause is unconstitutionally vague. *Davis*, 903 F.3d at 483; *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018); *United States v. Eshetu*, 898 F.3d 36, 37-38 (D.C. Cir. 2018). Several district courts have as well. The Northern District of Illinois employed the same reasoning in granting relief in a petition under 28 U.S.C. § 2255. *Velleff*, 307 F. Supp. at 891. The Eastern District of Virginia recently adopted the reasoning in *Velleff* in *United States v. Simmons*, 2018 U.S. Dist. LEXIS 19681, * 10-11 (E.D. Va., Nov. 16, 2018). The Second Circuit in *Barrett* came to the opposite conclusion. *Barrett*, 903 F.3d at 166. The Eleventh Circuit also held the residual clause was not vague but did so by employing a conduct-based and not a categorical approach. *Ovalles v. United States*, 905 F.3d 1231, 1234, n. 1 (11th Cir. 2018) (en banc).

The residual clause of § 924(c)'s crime of violence definition is unconstitutionally vague. The Supreme Court already rejected the identical clause in another statute in *Dimaya*. The Supreme Court is also poised to issue the same ruling in *Davis*, which relates to § 924(c). The indictment fails to allege facts required by 18 U.S.C. § 924(c) and this Court must dismiss Count Four as facially insufficient.

**II.  COUNTS TWO AND THREE: The Indictment Does Not Allege Facts That, if Proven, Would Establish Ms. Lecron Conspired to Either Use a Destructive Device or Use Firearms During and In Relation to of a Crime of Violence and Is Therefore Constitutionally and Statutorily Deficient.**

Count Two of the indictment charges Ms. Lecron with conspiracy to use a destructive device during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(o). (Doc. 9, Indict., Page ID 50). Count Three charges Ms. Lecron with conspiracy to use firearms during and in relation to a crime of violence under § 924(o). (Doc. 9, Indict., Page ID 50). Section 924(o) criminalizes conspiracies to commit offense named in the statute, stating, "A person who conspires to commit an offense under subsection (c). . ." Under 18 U.S.C. § 924(c), use of a destructive device or of a firearm are alternative means of satisfying the statute.

While the Sixth Circuit does not have a pattern jury instruction for § 924(o) conspiracies, the Fourth Circuit uses the District of South Carolina's instructions.[2] They explain that in order to sustain a conviction under § 922(o), the government must prove:

> First, that two or more persons agreed to do one of the following:
>
> 1. To use or carry a firearm[3] during and in relation to a crime of violence. . . which may be prosecuted in federal court; or
>
> 2. to possess a firearm in furtherance of a crime of violence. . . which may be prosecuted in federal court [the court should instruct the jury as to all the essential elements of the underlying crime];
>
> Second, that the defendant knew of this agreement, or conspiracy; and
>
> Third, that the defendant knowingly and voluntarily participated in or became a part of this agreement or conspiracy.

---

[2] The Fourth Circuit Court of Appeals website links to the District of South Carolina's Criminal Pattern Jury on its website and does not provide its own set of pattern instructions.

[3] The pattern instruction does not reference destructive devices, but using a destructive device is one of the alternative means listed in § 924(c).

11

District of South Carolina Criminal Pattern Jury Instructions, pp. 187-188 (2018).

As articulated in the pattern instructions and the statute's elements, a conviction for a conspiracy under § 924(o) requires an underlying crime of violence. That is so because a conviction under § 922(o) is a conspiracy to commit a § 924(c) offense – which itself requires an underlying crime of violence.

Here, the crimes of violence alleged in the indictment under Counts Two and Three are violations of § 844(d) and §844(i). (Doc. 9, Indict., Page ID 49-50). But the government has only alleged those offenses together as a conspiracy in Count One. In Count One, Ms. Lecron was not charged with violating either § 844(d) or § 844(i), only with conspiring to do so. (Doc. 9, Indict., Page ID 49).[4] Put another way, Counts Two and Three claim a conspiracy [as articulated in Count One] to satisfy their underlying crime of violence element.

As argued above, a conspiracy offense cannot serve as a crime of violence under the definition in § 924(c). As § 922(o) relies on § 924(c)'s definition of crime of violence, a conspiracy is also not a crime of violence for § 922(o) purposes. Because a conspiracy is not a crime of violence as defined by the statute, the indictment fails to state facts which, if proven, would establish a violation of § 924(o). For that reason, the indictment is facially deficient. Therefore, this Court should dismiss Counts Two and Three of the indictment.

---

[4] Count Seven of the Indictment does allege a violation of § 844(d) but does not allege that it was committed with related use of a destructive device or firearm. (Doc. 9, Indict., Page ID 53).

12

### III. Conclusion

Because the government has not alleged facts that make a facial showing of criminal conduct in violation of either 18 U.S.C. § 924(c) or § 18 U.S.C. 924(o), this Court must dismiss Counts Two, Three, and Four of the indictment.

Respectfully submitted,

Stephen Newman
Federal Public Defender
Ohio Bar: 0051928

*s/ Donna M. Grill*
DONNA M. GRILL
Assistant Federal Public Defender
Ohio Bar No. 0062141
CLAIRE R. CAHOON
Attorney at Law
Ohio Bar No. 0082335
617 Adams Street, 2nd Floor
Toledo, Ohio 43604
(419) 259-7370
419-259-7375 – facsimile
donna_grill@fd.org
claire_cahoon@fd.org

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March __, 2019 a copy of the foregoing Motion was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing reports. All other parties will be served by regular U. S. Mail. Parties may access this filing through the Court's system.

                                                *s/Donna M. Grill*
                                               Donna M. Grill
                                               Attorney for Defendant