IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:19 CR 4 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | |
| ELIZABETH R. LECRON, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | MOTION FOR BILL OF PARTICULARS |

Now comes the United States of America, by and through counsel, Justin E. Herdman, United States Attorney, and Michelle M. Baeppler, Assistant U.S. Attorney, and hereby files this response in opposition to Defendant Elizabeth R. Lecron's Motion for a Bill of Particulars. This motion should be denied because: 1) the indictment adequately apprises the Defendant of the charges against her; and 2) the government provided the Defendant with voluminous discovery.

Defendant Elizabeth R. Lecron is charged with violations of Title 18, United States Code, Section 844(n) (Conspiracy to Transport or Receive an Explosive with Intent to Kill, Injure, or Intimidate Any Individual, and Maliciously Damage or Destroy by Fire or Explosive) (Count 1); Title 18, United States Code, Section 924(o) (Conspiracy to Use a Destructive Device During and In Relation to a Crime of Violence) (Count 2); Title 18, United States Code, Section 924(o) (Conspiracy to Use Firearms During and In Relation to a Crime of Violence) (Count 3); Title 18, United States Code, Section 924(c)(1)(A)(i) (Possession of a Firearm in Furtherance of a Crime of Violence) (Count 4); and Title 18, United States Code, Section 844(d) (Transporting Explosives in Interstate Commerce) (Count 7). (R. 9: Indictment, PageID 49-53). The

government has provided extensive discovery pursuant to Rule 16, including information that supports the conspiracy allegations in Count 1 of the Indictment.

Federal Rule of Criminal Procedure 7(f) permits a defendant to seek a bill of particulars only where appropriate. That is, "to inform the accused of the nature of the charge against with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976)); United States v. Cole, 755 F.2d 748 (11th Cir. 1985); United States v. Hill, 589 F.2d 1344, 1351-52 (8th Cir. 1979); United States v. Cantu, 557 F.2d 1173, 1178 (5th Cir. 1977).

The Indictment in this case describes the nature of the charges against the Defendant. Additionally, she received ample discovery which more than explains the very question she is seeking to have answered through a bill of particulars. Viewing the Indictment in conjunction with the discovery, the Defendant has been apprised of the charges against her, is able to prepare a defense, prevent surprise at trial, and avoid double jeopardy.

A bill of particulars is not a constitutional requirement, Wardius v. Oregon, 412 U.S. 470, 475 (1973), and is addressed to the sound discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of a clear abuse of discretion. Will v. United States, 389 U.S. 90, 99 (1967); Wong Tai, 273 U.S. at 82; United States v. Panza, 750 F.2d 1141 (2d Cir. 1984); United States v. Key, 717 F.2d 1206, 1210 (8th Cir. 1983); United States v. Giese, 597 F.2d at 1180; United States v. Fischbach & Moore Inc., 576 F. Supp. 1384, 1388 (W.D. Pa. 1983).

Where available, a bill of particulars is not designed to afford the defense a detailed preview of the government's case or to tie the prosecutor, in advance of trial developments, to

2

proof of particular events by particular witnesses. United States v. Perez, 489 F.2d 51, 70-71 (5th Cir. 1973); Hickman v. United States, 406 F.2d 414, 415 (5th Cir. 1969). Accord. United States v. Joseph, 510 F. Supp. 1001, 1005 (E.D. Pa. 1981); United States v. Deaton, 448 F. Supp. 532, 537-538 (N.D. Ohio 1978). Specifically, a bill of particulars may not be employed by a defendant to secure information as to the government's legal theories. United States v. Gabriel, 715 F.2d 1447 (10th Cir. 1983); United States v. Massimo, 605 F. Supp. 1565, 1582 (S.D.N.Y. 1985); United Statesv. Shoher, 555 F. Supp. 346, 349 (S.D.N.Y. 1983); United States v. Marks, 364 F. Supp. 1022, 1030 (E.D. Ky. 1973), affirmed, 520 F.2d 913 (6th Cir. 1975), reversed on other grounds, 430 U.S. 188 (1975); United States v. Leonelli, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). Nor may a bill of particulars be used to discover the exact evidence which the government intends to introduce at trial. United States v. Gabriel, supra; United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981); United States v. Armocida, 515 F.2d 49, 54 (3rd Cir. 1975); United States v. Massimo, supra; United States v. Germain, 411 F. Supp. 719, 727-728 (S.D. Ohio 1975); United States v. Marks, 364 F. Supp. at 1030.

    In a bill of particulars, the government is not required to lay before the accused its entire case. American Tobacco Co. v. United States, 147 F.2d 93, 117 (6th Cir. 1945), affirmed, 328 U.S. 781 (1946). Nor is a bill of particulars appropriate or necessary where the indictment is not vague and is specific enough to satisfy the purposes of a bill of particulars. United States v. Finegan, 189 F. Supp. 728, 729 (N.D. Ohio 1960). Indeed, "[a] bill of particulars should only be required where the charges of an indictment are so general that they did not advise the defendant of the specific acts of which he is accused." United States v. Matos-Peralta, 691 F. Supp. 780, 791 (S.D.N.Y. 1988). A bill of particulars is inappropriate and should be denied where, as here,

3

the information has already been provided to a defendant elsewhere, such as in discovery or in other responses or pleadings.  United States v. Taylor, 707 F. Supp. 696, 699 (S.D.N.Y. 1989); United States v. Marquez, 686 F. Supp. 1354, 1361 (N.D. Ill. 1988).

Simply put, a bill of particulars should not be granted when the person seeking it already has the means to ascertain the information.  United States v. Skidmore, 123 F.2d 604, 607 (7th Cir. 1941).  A motion for a bill of particulars should be denied if, as here, the indictment provides sufficient details of the charge and the government provides full discovery to the defense under Rule 16.  United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984).

The government's case regarding the conspiracy to transport/receive an explosive charge is clear: Defendant Lecron conspired to (1) transport and receive an explosive with the knowledge and intent that it would be used to kill, injure, and intimidate; and (2) maliciously damage and destroy by means of fire and explosive materials a building, vehicle, and other real or personal property.  The Indictment, and extensive Rule 16 discovery, spell out the details of this offense with great specificity, and provide more than adequate opportunity for the Defendant to prepare her trial defense.

The Defendant fails to explain how a bill of particulars is needed to properly prepare a defense and avoid surprise at trial.  The Indictment and discovery both contain the evidence the government will use at trial to prove the conspiracy alleged in Count 1 of the Indictment.  The Defendant's motion is an attempt to discover the particular evidence the government intends to use at trial, not by reading the discovery, but by using the format of a bill of particulars to, in effect, "depose" the government or require the government to "sift through" the facts for her.  It is clear that upon review of the Indictment and the discovery made available pursuant to Rule 16

4

that the Defendant has been provided with the information she now seeks in a bill of particulars, and therefore, her motion should be denied.

Additionally, the government has provided the Defendant discovery materials that are above and beyond what is required to be disclosed under the relevant discovery rules.  For example, the government has provided search warrant and subpoena returns from multiple electronic communications service providers, screenshots, photographs, recordings, FBI memoranda of interviews, FBI reports of interactions with Confidential Human Sources, reports of interactions with undercover agents, and access to seized physical evidence.  In short, the Defendant has all the information to which she is presently entitled – in fact, she has more than that – and it is well established that when a defendant has received "everything and perhaps more than [s]he [is] entitled to before trial," no bill of particulars is required.  United States v. Sullivan, 421 F.2d 676, 677 (5th Cir. 1970); see also United States v. Fassnacht, 332 F.3d 440, 447 n. 2 (7th Cir.2003); United States v. Giese, 597 F.2d 1170, 1180 (9th Cir.1979) United States v. SIGMA, 624 F.2d 461, 466 (4th Cir. 1979) (no abuse of discretion in denying a motion for a bill of particulars in light of extensive disclosures by the government).

A motion for a bill of particulars should be denied where a defendant is inappropriately seeking to require the government to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendant . . . [.]" United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971).  Despite having expansive discovery, the Defendant moves for a bill of particulars.  Under these circumstances, the request can only be designed to force the government to "weave" the evidence to the charges the government will prove at trial.  In effect, the Defendant seeks a "roadmap" of the government's trial strategy and mental impressions.

5

This is an improper use of a motion for a bill of particulars. As such, the Defendant's motion should be denied.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Michelle M. Baeppler
Michelle M. Baeppler (OH: 0065378)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3995
(216) 685-2378 (facsimile)
Michelle.Baeppler@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Michelle M. Baeppler
Michelle M. Baeppler
Assistant U.S. Attorney