**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,            Case No. 3:19CR4

        Plaintiff

    v.                                  **ORDER**

Elizabeth R. Lecron, et al.,

        Defendants

    This is a criminal case in which the grand jury has indicted defendants Elizabeth Lecron and Vincent Armstrong on seven counts related to their alleged plan to detonate a pipe bomb at a bar in downtown Toledo, Ohio. (Doc. 36, PageID 201–02).

    Count one of the indictment charges both defendants with conspiracy to transport or receive an explosive device with intent to kill, injure, or intimidate and to maliciously damage or destroy by fire, in violation of 18 U.S.C. § 844(n). (Doc. 9, PageID 49).

    Counts two and three allege that both defendants conspired to use a destructive device and firearms, respectively, during and in relation to a crime of violence – specifically, transportation of an explosive device and maliciously damaging or destroying property by fire or explosive – in violation of 18 U.S.C. § 924(o). (*Id.*, PageID 50).

    Count four charges Lecron with possessing a firearm in furtherance of two crimes of violence – conspiracy to transport or receive an explosive with intent to kill, injure, or intimidate, and conspiracy to maliciously damage or destroy property by fire or explosive – in violation of

18 U.S.C. § 924(c)(1)(A)(i). (*Id.*, PageID 51). Count five charges Armstrong with the same firearms offense in furtherance of the same crimes of violence. (*Id.*).

Counts six and seven charge Armstrong only with making false statements to the FBI and transporting explosives in interstate commerce. (*Id.*, PageID 52–53).

Pending are the defendants' motions to dismiss counts two, three, four, and five. (Docs. 27, 34). The gravamen of the motions is that the § 924(c) predicate offenses are not in fact crimes of violence. For the following reasons, I grant the motion as to counts four and five of the indictment and hold the remainder of the motions in abeyance pending the receipt of further briefing from the parties.

### Standard of Review

The four counts at issue each allege that Lecron and Armstrong acted "in relation to," "during," or "in furtherance of" a "crime of violence" as set forth in 18 U.S.C. § 924(c).

"Pursuant to § 924(c), 'any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall' be subject to a mandatory minimum sentence to run consecutively to any other sentence." *U.S. v. Jackson*, 918 F.3d 467, 478–79 (6th Cir. 2019) (quoting 18 U.S.C. § 924(c)).

A "crime of violence" is a felony that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "by its nature[ ] involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A), (B).

After the parties briefed the motions to dismiss, the Supreme Court held in *Davis v. U.S.*, --- S. Ct. ---, 2019 WL 2570623 (2019), that § 924(c)(3)(B) is unconstitutionally vague. For that

reason, I will consider whether the predicate offenses qualify as crimes of violence under the elements clause of § 924(c)(3)(A).

"To determine whether a conviction offense is a 'crime of violence,' [courts] apply a categorical approach focusing on the statutory definition of the offense, rather than the manner in which the offender may have violated the statute in a particular circumstance." *U.S. v. Gooch*, 850 F.3d 285, 290 (6th Cir. 2017) (internal quotation marks omitted).

"Under the categorical approach, courts must assume that the defendant's conviction rested upon nothing more than the least of the acts criminalized, and then determine whether those acts would qualify as a crime of violence[.]" *U.S. v. Camp*, 903 F.3d 594, 599 (6th Cir. 2018) (internal quotation marks omitted).

## Discussion

### A. Conspiracy

The firearms charges in counts four and five identify the predicate crimes of violence as conspiracies to transport or receive an explosive with intent to kill and maliciously damage or destroy property by fire or explosive.

Defendants argue that a conspiracy is not a crime of violence because it requires only "an agreement to commit an offense," and not "necessarily . . . the use, attempted use, or threatened use of force." (Doc. 27, PageID 168). They rely on cases from the Fourth and Fifth Circuits holding that a conspiracy (specifically a conspiracy to commit Hobbs Act robbery) is not a crime of violence under § 924(c)(3)(A). *U.S. v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc); *U.S. v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018) (per curiam), *aff'd in part & vacated in part on other grounds by Davis*, *supra*, --- S. Ct. ----, 2019 WL 2570623.

3

The government responds that "the Sixth Circuit has held that conspiracies can in fact constitute 'crimes of violence,' so as to serve as predicates for convictions under Section 924(c)."

### 1. Sixth Circuit Cases

Contrary to the government's representation, the Sixth Circuit has never held that a conspiracy is categorically a crime of violence under the elements clause.

In *U.S. v. Vichitvongsa*, 819 F.3d 260, 266–70 (6th Cir. 2016), the question was whether the defendant's simultaneous participation in two different conspiracies could support two convictions for violating § 924(c) where the defendant had used only one firearm. Because the defendant did not argue that the predicate conspiracies were not crimes of violence, the Sixth Circuit's decision does not address the issue.

The same is true of *U.S. v. Johnson*, 726 F. App'x 393 (6th Cir. 2018), and *U.S. v. Nicholson*, 716 F. App'x 400 (6th Cir. 2017), on which the government also relies.

In the former, the Circuit held that it was not plain error to use the defendant's "RICO conspiracy conviction as the predicate" crime-of-violence offense "for his § 924(c) conviction[.]" *Johnson*, *supra*, 726 F. App'x at 407. The court explained that "[i]f there is a lack of binding case law that answers the question presented, or if there is a circuit split on the issue, there can be no plain error." *Id.* (internal quotation marks and brackets omitted). Because there was no binding case law supporting the defendant's argument that a conspiracy was not a crime of violence, and because at least two circuits had "rejected similar arguments," the court found

no plain error. *Id.* At no point did the Sixth Circuit analyze whether a conspiracy offense was categorically a crime of violence for purposes of § 924(c)(3)(A).[1]

In the latter, the court affirmed the defendants' convictions under § 924(c) without addressing whether the predicate offenses – RICO conspiracies – were crimes of violence. No other case the government cites has held or implied that conspiracy is a crime of violence.

### 2. *Simms* and *Davis*

In *Simms*, *supra*, 914 F.3d at 233, the en banc Fourth Circuit held that conspiracy to commit Hobbs Act robbery "does not categorically qualify as a crime of violence under the elements-based categorical approach[.]" The court so held because it was possible to convict a defendant of conspiracy by proving "only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act." *Id.* at 233–34. "Such an agreement," the Fourth Circuit determined, "does not invariably require the actual, attempted, or threatened use of physical force." *Id.* at 234.

The Fifth Circuit held in *Davis*, *supra*, 903 F.3d at 485, that a conspiracy "does not necessarily require proof that a defendant used, attempted to use, or threatened to use force." *Id.* That was so, the court explained, because "conspiracy to commit an offense is merely an agreement to commit an offense." *Id.*

No other court of appeals, it appears, has considered whether conspiracy is a crime of violence under the elements clause.[2]

---

[1] The Supreme Court recently vacated the judgment in *Nicholson* and remanded for further consideration in light of *Davis*. *See Jefferson v. U.S.*, --- S. Ct. ---, 2019 WL 2649796 (2019) (mem).

[2] In *U.S. v. Barrett*, 903 F.3d 166, 175 (2d Cir. 2018), the Second Circuit held that conspiracy to commit Hobbs Act robbery is "a categorical crime of violence as defined by § 924(c)(3)(A) together with § 924(c)(3)(B)." (Internal capitalizations omitted). The court

5

### 3. Analysis

To obtain a conviction on a conspiracy charge, the government must prove: 1) "an agreement to violate [the] law[ ]"; 2) "knowledge of and intent to join the conspiracy"; and 3) "participation in the conspiracy." *U.S. v. Warman*, 578 F.3d 320, 332 (6th Cir. 2009) (defining elements of drug conspiracy under 21 U.S.C. § 846). The "participation" element simply requires proof "of at least one overt act in furtherance of the agreement." *U.S. v. Warshak*, 631 F.3d 266, 308 (6th Cir. 2010).

None of these elements necessarily requires proof of the use, attempted use, or threatened use of force. *Simms*, *supra*, 914 F.3d at 233–34; *Davis*, *supra*, 903 F.3d at 485; *see also Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir. 1997) ("An offense such as conspiracy neither has the use of physical force as an element . . .").

Accordingly, the predicate conspiracy offenses charged in counts four and five do not qualify as crimes of violence under § 924(c)(3)(A). I will therefore grant the defendants' motions to dismiss those counts.

### B. Section 844 Offenses

The conspiracy charges in counts two and three identify two predicate crimes of violence: transporting or receiving an explosive with intent to kill, injure, or intimidate any person in violation of 18 U.S.C. § 844(d), and maliciously damaging or destroying property by fire in violation of 18 U.S.C. § 844(i).

---

reasoned that, because Hobbs Act robbery has as an element the use, attempted use, or threatened use of force, a conspiracy to commit such a robbery "by its 'very nature' presents a substantial risk of physical force, so as also to be a violent crime under § 924(c)(3)(B)." This reasoning, which depends on § 924(c)(3)'s residual clause, is no longer viable after the Supreme Court's decision in *Davis*.

### 1. Necessity of Charging the Predicate Offenses as Separate Counts

Defendants first argue that the § 844 offenses cannot serve as the predicate crimes of violence because the indictment does not separately charge them with committing those crimes. (Doc. 40, PageID 238–39). They contend that the "plain language of § 924(c) suggests" that, to obtain a conviction under that statute, the government must charge the predicate crimes of violence as separate offenses. (*Id.*, PageID 239).

This argument has no merit.

"Every circuit court to have considered the issue has concluded that § 924(c) does not require the defendant to be convicted (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *Johnson v. U.S.*, 779 F.3d 125, 129 (2d Cir. 2015).

The Sixth Circuit so held in *U.S. v. Nelson*, 27 F.3d 199, 200 (6th Cir. 1994), and reiterated the point in *U.S. v. Smith*, 182 F.3d 452, 457 (6th Cir. 1999) (observing that § 924(c)(1) "requires only that the defendant have committed a violent crime *for which he may be prosecuted* in federal court. It does not even require that the crime be charged; *a fortiori*, it does not require that he be convicted.") (emphasis in original).

That the government did not separately charge Lecron and Armstrong with either § 844 offense does not prevent those offenses from serving as the predicate crimes of violence.

### 2. Section 844(i) Arson

Under § 844(i), "[w]hoever maliciously damages or destroys, attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than five years[.]"

7

Defendants argue that § 844(i) is not categorically a crime of violence because a person could violate the statute "by damaging his or her own property" as opposed to the "property of another," as § 924(c)(3)(A)'s elements clause requires. (Doc. 40, PageID 240).

In support, defendants rely on *U.S. v. Salas*, 889 F.3d 681 (10th Cir. 2018), where the Tenth Circuit accepted this argument.

The court held that § 844(i) arson is not a crime of violence "because [it] does not require, as an element, the use of force against the property 'of another[.]'" *Id.* at 684. To the contrary, the court found, § 844(i) "may apply to a person who destroys his or her own property." *Id.*; *see also Evey v. U.S.*, 2018 WL 6133407, *6–7 (C.D. Cal. 2018) (same). The court also relied on *Torres v. Lynch*, --- U.S. ---, 136 S. Ct. 1619, 1629–30 (2016), where the Supreme Court observed that the definition of "crime of violence" in 18 U.S.C. § 16(a) – which is identical to the definition in § 924(c)(3)(A) – "would not reach arson in the many States defining that crime to include the destruction of one's own property."

The government responds that the requirement of "damage or destruction by means of fire or explosive" necessarily contemplates "the use of physical force," such that § 844(i) arson is a crime of violence under § 924(c)(3)(A). (Doc. 36, PageID 209). It also relies on *U.S. v. Oakes*, 2018 WL 2388562 (M.D. Tenn. 2018), which held that arson is a crime of violence.

Having considered these arguments and the case law cited by the parties, I agree with the defendants that § 844(i) is not a crime of violence.

As the Tenth Circuit persuasively explained in *Salas*, *supra*, 889 F.3d at 684, because the arson statute prohibits the destruction of "any building, vehicle, or other real or personal property," it is possible for an offender to violate § 844(i) by destroying his own property. *E.g.*, *U.S. v. White*, 771 F.3d 225, 227 (4th Cir. 2014) (defendant convicted under § 844(i) for

8

"burning of a two-unit duplex that he owned and managed"). Because it is therefore possible to commit arson without using, threatening to use, or attempting to use force "against the . . . property of another," 18 U.S.C. § 924(c)(3)(A), § 844(i) does not define a crime of violence.

While the government may be correct that, at least in some cases, the statutory requirement of damaging or destroying by means of fire or explosive will entail the use of physical force (Doc. 35, PageID 209), other applications of § 844(i) require no use of force. *E.g.*, *U.S. v. Monroe*, 178 F.3d 304, 306 (5th Cir. 1999) (defendant violated § 844(i) by stealing stove from his former apartment and leaving gas line "unstopped," which caused a fire that damaged the apartment building). In any event, the government's emphasis on the damage-or-destruction element does not answer the objection that § 844(i) applies to defendants who destroy their own property.

Finally, the district court's decision in *Oakes*, *supra*, 2018 WL 2388562 at *3–4 is not to the contrary. There the court held that mens rea element of § 844(i) – "maliciously" – criminalized only "volitional" acts and thus categorically involved the "use" of physical force for purposes of § 924(c)(3)(A). It did not address the separate objection, which is dispositive here, that an offender may commit arson by destroying his own property.

For all these reasons, I hold that § 844(i) is categorically not a crime of violence. This means that I must dismiss counts two and three unless I find that § 844(d) is a crime of violence.

### 3. Section 844(d)

Section 844(d) provides that "[w]hoever transports or receives, or attempts to transport or receive, in interstate or foreign commerce any explosive with the knowledge or intent that it will be used to kill, injure, or intimidate any individual or unlawfully to damage or destroy any

9

building, vehicle, or other real or personal property, shall be imprisoned for not more than ten years[.]"

Seizing on the language that forbids damaging or destroying "any" vehicle, building, or real or personal property, defendants argue that § 844(d), too, fails to state a categorical crime of violence. (Doc. 40, PageID 241–42). They raise the same objection as they did against § 844(i): the statute "could be applied to damaging or destroying the defendant's own property." (*Id.*, PageID 241). As an example, defendants propose a case where "a defendant . . drives explosives to the home of someone he has hired to blow up his own house for insurance proceeds." (*Id.*, PageID 241–42).

For its part, the government emphasizes that the statute requires proof that a defendant knew or intended that an explosive would be "used to kill, injure, or intimidate any individual." Because such an element would categorically require the use, threatened use, or attempted use of physical force, the government argues that § 844(d) is a crime of violence.

The parties have not cited any cases that address this question, and my research has turned up none.

The answer to this question seems to turn, moreover, on which portion of the statute I focus on. If I follow the defendant's approach, it would appear that § 844(d) is not a crime of violence because, just like the arson statute, it covers defendants who destroy their own property (and thus do not use force against the "property of another"). If I focus on the language that the government emphasizes, it may be that § 844(d) is a crime of violence.

A threshold question therefore arises: is § 844(d) a divisible statute that defines two or more offenses or an indivisible statute that contains alternative means of committing a single offense? *See Mathis v. U.S.*, --- U.S. ---, 136 S. Ct. 2243 (2016); *U.S. v. Burris*, 912 F.3d 386,

10

392–93, 402–05 (6th Cir. 2019) (en banc) (discussing *Mathis* at length); *Gooch*, *supra*, 850 F.3d at 291–92 (applying *Mathis* to decide whether Hobbs Act was divisible).

Because the parties have not addressed that question, I will order the submission of supplemental briefs.

## Conclusion

It is, therefore,

ORDERED THAT:

1. The defendants' motions to dismiss (Docs. 27, 34) be, and the same hereby are, granted in part and held in abeyance in part.

2. Counts four and five of the indictment be, and the same hereby are, dismissed.

3. The parties shall submit supplemental briefs, no longer than ten pages each, on the question whether 18 U.S.C. § 844(d) is a divisible or indivisible statute. The parties may include any other arguments not previously raised that bear on whether § 844(d) is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A).

4. A single brief on behalf of both defendants is due fourteen days after the entry of this order. The government's response brief is due fourteen days after the filing of the defendants' brief.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge