**In the United States District Court,**
**Northern District of Ohio,**
**Western Division**

| | |
|---|---|
| United States of America, | Case No. 3:19-cr-0004-01 |
| Plaintiff, | Judge James G. Carr |
| v. | **Order** |
| Elizabeth Lecron, | |
| Defendant. | |

Pending is the Defendant's Motion to Reduce Sentence under Amendment 821 to the Sentencing Guidelines seeking relief as a "zero-point offender." (Doc. 92). In accordance with this Court's Order, after filing the Motion *pro se,* the matter was referred to the Federal Public Defender's Office (FPD) for review. N.D. Ohio General Order 2023-20, ¶I (11/23/2023). Under this Order, the FPD has the right to file a supplemental motion in support of a *pro se* defendant's request. *Id.* ¶V. The FPD filed a Notice of No Intent to Supplement (Doc. 95). The Government has filed a Response in Opposition. (Doc. 96).

### Background

The Defendant entered a plea of guilty to Conspiracy to Provide Material Support or Resources to Terrorists and Transporting Explosives in Interstate Commerce. (Doc. 77, pgID 572). After various adjustments, her Base Offense Level was calculated to be a 30. (*Id.* at 578, 583). Her criminal history score was zero, which placed her as a Criminal History Category I with a resulting Guideline Range of 97-121 months. (*Id.*).

However, Defendant entered into a binding plea agreement under 11(c)(1)(C) and agreed to a prison term of 180 months. (*Id.*, pgID 574, ¶9).

**Discussion**

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission amended U.S.S.G. § 4A1.1 to add what now appears in § 4C1.1(a), providing a reduction for eligible offenders who present zero criminal history points.

Though the Defendant is a zero point offender, pursuant to the terms of a binding plea agreement, I sentenced Defendant to the term upon which she agreed - 180 months.

In addition, she does not otherwise meet the eligibility criteria of § 4C1.1. Specifically, the Defendant used violence or credible threats of violence in connection with the offense, and possessed, received, purchased, transported, sold, or otherwise disposed of a firearm or dangerous weapon in connection with the offense. (Doc. 70, pgID 422-5). Her conduct and the offenses for which she was convicted remove her from qualification for sentence reduction. See §§ 4C1.1(a)(3) and (a)(7).

For the foregoing reasons, it is hereby

ORDERED THAT the Defendant's Motion to Reduce Sentence (Doc. 92) be, and the same hereby is, **denied**.

As jurists of reason could not doubt my result or its rationale, no appeal shall be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Court Judge